IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:23-cv-1826-E |
| JEFFREY DAVIS, as the Independent Executor of the Estate of Billy Roy Smith, Deceased; CHRISTOPHER GRIMES; and RITA NORA SMITH BINGHAM, | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Transamerica Life Insurance Company ("Transamerica") filed an original interpleader complaint under 28 U.S.C. § 1335, requesting protection for competing claims to the proceeds of a life insurance policy for Billy Roy Smith, Deceased. *See* Dkt. No. 1.

Defendants Christopher Grimes, with the assistance of counsel, and Rita Nora Smith Bingham, proceeding *pro se*, both answered. *See* Dkt. Nos. 9 & 10.

Transamerica deposited the funds into the registry of the Court, as allowed by a court order, and the Court discharged and released Transamerica from all liability related to the policy proceeds and dismissed it as a party to this action, observing that the case would proceed against Jeffrey Davis, in his capacity as the Independent Executor of the Estate of Billy Roy Smith; Grimes; and Bingham. *See* Dkt. Nos. 5, 6, & 13-16.

Grimes then moved to dismiss Bingham's answer and/or counterclaim. *See* Dkt. Nos. 18 & 19. Bingham responded and moved to amend her response. *See* Dkt. Nos. 21-24. And United States District Judge Ada Brown referred these motions to the undersigned United States magistrate judge under 28 U.S.C. § 636(b). *See* Dkt. No. 25.

The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should deny the motion to dismiss and grant the motion to amend.

## Discussion

Grimes moves to dismiss based on Federal Rules of Civil Procedure 8(a) and 9(b). *See* Dkt. No. 19.

Rule 8(a) does not mandate detailed factual allegations, but it does require more than labels and conclusions. So, at the pleadings stage, while a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As to a complaint, in sum, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v.*

*City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And the United States Supreme Court has held that, "to survive a motion to dismiss" a complaint under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not." *Elson v. Black*, 56 F.4th 1002, 1008 (5th Cir. 2023) (citation omitted). And the rule "demands 'the who, what, when, and where [to] be laid out *before* access to the discovery process is granted.'" *Id.* at 1009 (emphasis in original; quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). So a party alleging fraud "must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Id.* at 1009 (quoting *Williams*, 112 F.3d at 177).

First, moving to dismiss "Bingham's answer and/or counter claim for failure to properly plead," Grimes admits that it's unclear if Bingham alleges fraud. Dkt. No. 19 at 1; *see id.* at 2 ("If it is arguable that Bingham is alleging fraud or mistake then …"). But the undersigned's review of Bingham's answer reveals neither an averment of fraud nor the assertion of a counterclaim (against Transamerica).

And Grimes provides no authority to support that the pleading standards

applicable to a complaint should also apply to an answer. In fact, in this circuit, neither *Iqbal* nor *Twombly* apply to an affirmative defense. *See Pem-Air Turbine Engine Servs. LLC v. Gupta*, No. 3:21-cv-180-L, 2022 WL 2835840, at *4 (N.D. Tex. July 19, 2022) ("It is unclear whether the plausibility standard for pleading, expressed in *Twombly* and *Iqbal* extends to the pleading of affirmative defenses. The Fifth Circuit has not addressed this issue. In the absence of guidance from the Fifth Circuit and Supreme Court, the court will apply the standard from *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). Under *Woodfield*, the 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise.' A court employs a fact-specific analysis in deciding whether the plaintiff was unfairly surprised." (cleaned up)); *see also Samurai Global, LLC v. Landmark Am. Ins. Co.*, No. 3:20-cv-3718-D, 2024 WL 1837960, at *14 (N.D. Tex. Apr. 26, 2024) ("When deciding whether an affirmative defense is an 'insufficient defense,' the court does not apply the pleading standards set forth in [*Twombly*] and [*Iqbal*]. Instead, the court applies the 'fair notice' pleading standard for affirmative defenses set forth in *Woodfield*." (citations omitted)); *accord J.A. Masters Invs. v. Beltramini*, No. CV H-20-4367, 2021 WL 1929838, at *1 (S.D. Tex. May 13, 2021).

Regardless, considering the Court's role at this stage of an interpleader action, it would be premature to apply heightened pleading standards to dismiss a co-defendant's answer, which in substance just asserts a competing claim to the funds deposited in the Court's registry.

That is, Bingham's initial answer does all that is required where a plaintiff files an interpleader action and provides notice to the rival claimants – it "plead[s] facts sufficient to show" an interest in the funds in the Court's registry, *Johnson*, 574 U.S. at 12, so that the rival claimants have "fair notice" that Bingham asserts such an interest, *Woodfield*, 193 F.3d at 362; *see also Tyco Fire Prods LP v. Victaulic Co.*, 777 F. Supp. 2d 893, 897 (E.D. Pa. 2011) ("[S]o-called 'notice pleading' has always been the hallmark of Rules 8(a) and 8(c), which ultimately function to provide the opponent with notice of the claim or defense pled." (citations omitted)); *Samurai Global*, 2024 WL 1837960, at *14 (as to an affirmative defense, observing that, "[a]lthough in some instances merely pleading the name of the affirmative defense may be sufficient, a 'fact-specific inquiry' is required to determine whether the pleadings set forth the 'minimum particulars' needed to ensure the plaintiff is not the victim of unfair surprise." (cleaned up)). *Cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) ("*Pro se* complaints receive a 'liberal construction.'" (citation omitted)).

The undersigned makes this finding mindful of the procedural posture of this proceeding. That is, courts generally "resolve an interpleader action through a two-step process.

> "In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." Upon finding that the action satisfies those requirements and "that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants."

*United of Omaha Life Ins. Co. v. Womack-Rodriguez*, 461 F. Supp. 3d 455, 469 (W.D.

Tex. 2020) (citations omitted).

This proceeding may be past the first stage. But it has not moved on to the second (or, if it has, it has not proceeded far). So the undersigned makes no finding that Bingham's answer is sufficient to allow the Court to determine the rights of the competing claimants – a matter not referred to the undersigned.

The Court should therefore deny Grimes's motion to dismiss. And, for the same reasons and because Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires," FED. R. CIV. P. 15(a)(2), such that the rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), and the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981), the Court should grant Bingham's motion for leave to amend.

### Recommendation

The Court should deny Defendant Christopher Grimes's motion to dismiss Defendant Rita Nora Smith Bingham answer to the interpleader complaint [Dkt. No. 18] and grant Bingham's motion to amend her answer [Dkt. No. 22].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 30, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE